**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jorge Adalberto Lopez, | Case No. 2:26-cv-01385-JAD-NJK |
| Petitioner | |
| v. | **Service of 28 U.S.C. § 2241 Petition and Appointment of Counsel Order** |
| Todd Blanche,[1] et al., | [ECF Nos. 1, 1-1, 1-2] |
| Respondents | |

Petitioner Jorge Adalberto Lopez, an immigration detainee who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel.[2]

Following a preliminary review of the petition under the Rules Governing Section 2254 Cases,[3] I find that the petition establishes a *prima facie* case for relief, so I direct that it be served on the United States Attorney's Office for the District of Nevada and set a briefing schedule. I also find that appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[4]

---

[1] Todd Blanche has replaced respondent Pamela Bondi as the Acting Attorney General of the United States, and Markwayne Mullin has replaced respondent Kristi Noem as the United States Secretary of Homeland Security, so I substitute them as respondents under Federal Rule of Civil Procedure 25(d).

[2] ECF Nos. 1, 1-1, 1-2.

[3] I apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

[4] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

IT IS THEREFORE ORDERED that the IFP application **[ECF No. 1] is GRANTED.**

IT IS FURTHER ORDERED that the motion for appointment of counsel **[ECF No. 1-2] is GRANTED.  The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner** and is directed to file a notice of appearance within 7 days of the date of this order.  If the FPD is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed.  Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that if the FPD files a notice of appearance in this matter, it will then have 30 days to either (1) file an amended petition, or (2) a motion to dismiss the petition.  The FPD must effectuate service of the amended petition on the respondents.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

1.  **FILE** the petition (ECF No. 1-1)

2.  **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Under the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

3.  **MAIL** a copy of the petition (ECF No. 1-1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

4.  **SEND**, through CM/ECF, a copy of the petition (ECF No. 1-1) and this order to counsel for John Mattos: Ashlee Hesman at ahesman@strucklove.com.

IT IS FURTHER ORDERED that the United States Attorney's Office for the District of Nevada must file a notice of appearance within 7 days of the date of this order and file and serve their answer to the amended petition within 7 days of service of the counseled amended petition, unless additional time is allowed for good cause shown.  The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.  Petitioner will have 7 days to file a reply.

IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

Moreover, I find that ordering Respondents to produce documents relevant to the lawfulness of the petitioner's detention is necessary for the Court to "dispose of the matter as law and justice require."[5] Critically, a detained habeas petitioner "is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in his petition . . . and a habeas corpus proceeding must not be allowed to founder in a 'procedural morass.'"[6]  I thus find good cause under Rule 6 of the Rules Governing § 2254 Cases to order the federal respondents to produce relevant documents in their possession, custody, or control. Accordingly,

IT IS FURTHER ORDERED that **the federal respondents must PRODUCE the following documents to the petitioner's counsel by May 15, 2026**: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3)  I-862 Notice to Appear;

---

[5] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969).

[6] *Id*. at 291–92 (citation omitted).

(4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in the petitioner's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or the petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, the federal respondents must **CERTIFY** that any of the listed documents are not in their custody or control.

IT IS FURTHER ORDERED that the respondents shall not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation.[7]  In the event of lawful deportation, the respondents' counsel must file a notice with the court within 5 days from deportation.

_____

U.S. District Judge Jennifer A. Dorsey
May 8, 2026

---

[7] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

4