**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jorge Adalberto Lopez,

      Petitioner

v.

Tood Blanche, et al.,[1]

      Respondents

Case No.: 2:26-cv-01385-JAD-NJK

**Order Denying Motions and
Closing Case**

[ECF Nos. 7, 13]

Petitioner Jorge Adalberto Lopez filed a petition for a writ of habeas corpus seeking his release from Immigration and Customs Enforcement (ICE) custody on May 4, 2026.[2]  On May 8th I appointed counsel and I ordered him to file a counseled amended petition within 30 days because Lopez's petition contained almost no facts to support his request for relief.[3]  I also prohibited the respondents from transferring Lopez out of this district except for the purpose of effectuating his lawful deportation.[4]

On May 12, 2026, Lopez's counsel filed an emergency motion to enforce my order prohibiting Lopez's transfer, contending that Lopez was moved to the immigration detention center in Florence, Arizona, on May 10th.[5]  Lopez is a Cuban national, and counsel asserts that it has been ICE's recent practice to quickly deport Cuban detainees to Mexico from the Arizona

---

[1] Todd Blanche has replaced respondent Pamela Bondi as the Acting Attorney General of the United States and Markwayne Mullin has replaced respondent Kristi Noem as United States Secretary of Homeland Security, so I substitute them as respondents under Federal Rule of Civil Procedure 25(d).

[2] ECF No. 1.

[3] ECF No. 3.

[4] *Id.*

[5] ECF No. 7.

detention center.[6]  Counsel contends that, if Lopez was removed to Mexico, it could be an unlawful deportation.[7]  I ordered expedited briefing on Lopez's motion and ordered the respondents to provide details about Lopez's detention and potential removal.[8]

On May 15, 2026, the respondents informed the court that Lopez had indeed been removed to Mexico, which he consented to on April 29, 2026.[9]  Lopez's counsel responded that "it does not appear that [Lopez] voluntarily gave his consent," noting that "[u]pon information and belief, [Lopez] has complied with an [order of supervision] for the last several years, demonstrating his intent to remain in the United States," and "counsel believes he was threate[ned] that if he did not agree to being removed to Mexico, he would face prolonged ICE detention."[10]  Lopez's counsel asks this court to order the respondents to return Lopez to the United States "in light of the challenges he may raise to third[-]country removal[] and his apparent lack of consent to removal to Mexico[.]"[11]

I cannot conclude on this record that Lopez's return to the United States is warranted. Lopez signed a notice informing him that he would be deported to Mexico, and then he was. Lopez's counsel has not shown that Lopez's potential lack of consent to removal to Mexico has any legal impact on ICE's ability to remove him there.  For a third-country removal to meet

---

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] ECF No. 10.

[9] The respondents assert that Lopez was removed on April 29, 2026, citing to a deportation notice containing that date.  But Lopez signed his habeas petition on April 30th, so I find it highly unlikely that he was actually deported on that date.  The exact date of Lopez's removal does not impact my analysis, so I don't further belabor this inconsistency.

[10] ECF No. 12 at 3.

[11] *Id.* at 3–4; ECF No. 13 (motion for order directing respondents to transfer petitioner to Nevada).

statutory and due-process requirements, ICE must notify the noncitizen of the chosen removal country and give him the opportunity to raise fear-based challenges to that removal. The noncitizen's express consent does not appear to be a necessary part of that legal process, and Lopez does not allege that he wasn't given sufficient notice that ICE had designated Mexico as the country to which he would be removed. Indeed, the operative habeas petition does not contain any claims or facts that would prompt this court to believe that habeas relief is warranted. Under these circumstances, I cannot conclude that ordering Lopez's return to this district is a proper exercise of this court's authority.[12] So I deny Lopez's motions and, because Lopez's removal has been effectuated, I dismiss his petition and close this case.

**Conclusion**

IT IS THEREFORE ORDERED that Lopez's motions to enforce the court's order and to direct respondents to transfer him back to Nevada **[ECF Nos. 7, 13] are DENIED**.

IT IS FURTHER ORDERED that Lopez's petition **[ECF No. 4] is DISMISSED** as moot. The Clerk of Court is directed to CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
May 21, 2026

---

[12] The parties argue about this court's jurisdiction to transfer Lopez back to the district. I don't reach that issue because I find that Lopez's return is not warranted by the facts alleged in this case.